**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcie A Redgrave,<br><br>    Plaintiff,<br><br>v.<br><br>Doug Ducey, et al.,<br><br>    Defendants. | No. CV-18-01247-PHX-DLR<br><br>**ORDER** |

Plaintiff Marcie Redgrave alleges on behalf of herself and others similarly situated that Defendants Arizona Governor Doug Ducey, the Arizona Department of Economic Security ("DES"), the DES Division of Developmental Disabilities ("DDD"), and Director of the Arizona Health Care Cost Containment System ("AHCCCS") Thomas J. Betlach (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA") by failing to pay her the minimum wage for all hours worked and overtime compensation. Before the Court are Defendants' motions to dismiss. (Doc. 10, 14.) The motions are fully briefed and the Court heard oral argument on July 9, 2018. (Docs. 16, 20, 22, 24, 28-31.) For the following reasons, Defendants' motions are granted.

**I. Background**

For the past nineteen years, Redgrave has served as an in-home caretaker to P.L., a beneficiary (or "Member") of the Arizona Long-Term Care System ("ALTCS"), who suffers from debilitating cerebral palsy disorder. Since 2016, when P.L. was diagnosed

with autonomic disreflexia, Redgrave has increased her hours of active care from sixteen to twenty-four hours per day. P.L. depends on Redgrave for all basic living activities, including needs that arise in the middle of the night. Redgrave currently is compensated for sixteen hours per day at an hourly rate of $12.12.

Redgrave is an Independent Provider hired directly by DDD, a state agency housed within DES. DDD is a Managed Care Organization delivering services to eligible Members through ALTCS with Medicaid funds provided by AHCCCS. Redgrave therefore alleges that Defendants and the Members themselves are her joint employers and are accountable for her compensation.

In 2018, Redgrave filed this action in Maricopa County Superior Court, alleging that Defendants violated the FLSA by not compensating her the minimum wage for all hours worked or providing her overtime pay. In addition to damages, Redgrave seeks a declaratory judgment that she and others similarly situated are entitled to be paid for all hours they work, including overtime pay. Defendants timely removed to this Court in light of the purely federal nature of Redgrave's claims. Defendants now move to dismiss based primarily on sovereign immunity, though they also raise arguments concerning whether Redgrave has named appropriate defendants and whether her complaint plausibly states an entitlement to relief. Because the Court finds the sovereign immunity issue dispositive, it declines to address Defendants' alternative arguments for dismissal.

**II. Discussion**

"There are two forms of sovereign immunity: (1) sovereign immunity under the Eleventh Amendment, which bars federal lawsuits against states and (2) sovereign immunity under the broader doctrine of state sovereign immunity, which shields a state from liability in both federal and state court, unless it has consented to be sued." *Wood v. Mont. Dep't of Revenue*, 826 F. Supp. 2d 1232, 1234 (D. Mont. 2011) (collecting cases). Defendants' motions focus on this latter, broader doctrine. For her part, Redgrave does not dispute that, absent a waiver or abrogation, Defendants have sovereign immunity against her FLSA claims for damages. Instead, Redgrave argues that

Defendants waived their sovereign immunity, either by removing this case or as a result of state judicial abrogation of the immunity. (Doc. 16 at 1-7); *see Wood*, 826 F. Supp. 2d at 1235 ("Sovereign immunity, in either form, can be waived."). The Court therefore will focus on the waiver issue.

### A. Arizona Has Not Abrogated Sovereign Immunity for FLSA Claims

Redgrave contends that the Arizona Supreme Court abolished the state's sovereign immunity in the 1963 case of *Stone v. Arizona Highway Commission*, 381 P.2d 107 (Ariz. 1963). Redgrave reads *Stone* too broadly, however. By its plain language, *Stone* abrogated sovereign immunity only for tort liability. 381 P.2d at 387 ("After a thorough re-examination of the rule of governmental immunity from tort liability, we now hold that it must be discarded as a rule of law in Arizona and all prior decisions to the contrary are hereby overruled."). Subsequent cases interpreting *Stone* confirm the narrowness of its holding. *See Glazer v. State*, 347 P.3d 1141, 1144 (Ariz. 2015) ("This Court abolished the doctrine of sovereign immunity for tort liability in 1963, concluding that the government and its employees should generally be responsible for injuries they negligently cause."). *Stone* did not, as Redgrave argues, effectuate a wholesale abrogation of Arizona's sovereign immunity for all claims.

For this reason, Redgrave's interpretation of the Actions Against Public Entities or Public Employees Act ("Act"), A.R.S § 12-820.01, is misguided. In 1984, the Arizona legislature responded to the confusion caused by the *Stone* decision by enacting the Act, "which specifies circumstances in which governmental entities and public employees are immune from tort liability." *Glazer*, 347 P.3d at 1144. Redgrave contends that the Act "carved out a small exception to the *Stone* rule" by "reestablish[ing] sovereign immunity for select government officials[.]" (Doc. 16 at 7.) Because FLSA claims are not explicitly included in these exceptions, Redgrave argues that *Stone*'s abrogation continues to apply to these claims. But Redgrave's interpretation of this "small exception" is distorted by her erroneous belief that *Stone* abrogated sovereign immunity in its entirety, rather than for tort liability only. Indeed, this Court recently rejected the

argument that, because FLSA claims are not referenced in the Act's exemptions for governmental tort liability, Arizona has somehow waived its sovereign immunity for such claims. *Ramirez v. Ariz. State. Treasurer*, No. CV-17-02024-PHX-SPL (D. Ariz. June 20, 2018).

In the end, Redgrave identifies no statute or judicial decision that expressly waives Arizona's sovereign immunity for FLSA claims. To the contrary, state defendants have successfully asserted sovereign immunity against FLSA claims before this Court. *See Gorney v. Ariz. Bd. of Regents*, 43 F. Supp. 3d 946, 951-52 (D. Ariz. 2014). The Court therefore finds that Arizona has not abrogated its broad sovereign immunity against FLSA claims.

**B. Defendants Did Not Waive Their Sovereign Immunity Through Removal**

Redgrave next contends that Defendants waived their sovereign immunity by removing this case. On this question, the Court finds persuasive the well-reasoned *Wood* decision from the United States District Court for the District of Montana. Rather than reinvent the wheel, the Court quotes the relevant portion of *Wood* below:

> The United States Supreme Court has held that, if a state has consented to be sued in state court, the state waives its [E]leventh [A]mendment sovereign immunity by removing a case to federal court. [*Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002)]*; see also* [*Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 661-63 (9th Cir. 2009)]; *Embury v. King,* 361 F.3d 562, 565-66 (9th Cir.2004). The *Lapides* Court explained that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum." *Id.* at 624. But, more fundamentally, if removal in such circumstances did not result in a waiver, a state would gain an "unfair tactical advantage[]." *Id.* at 621. A state defendant, for example, could defeat a claim in state court simply by removing it to federal court and then asserting an [E]leventh [A]mendment defense.
>
> Neither the Supreme Court nor the Ninth Circuit has addressed the related question at issue here: If a state court has not consented to be sued in state court, does it waive its immunity under the broader doctrine of state sovereign immunity by removing the case to federal court? *See Lapides,* 535 U.S. at 617-18 ("Nor need we address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not

> been waived or abrogated in state court."); *Indep. Living Ctr.,* 572 F.3d at 662 n. 20 (declining to address the question of whether removal results in a waiver of sovereign immunity when the state has not consented to be sued in state court); *see also,* [*Stewart v. N.C.*, 393 F.3d 484, 488 (4th Cir. 2005)]. Other circuits have addressed this question, and they have concluded that, if a state has not consented to be sued in state court, it does not waive its broader state sovereign immunity by removing the case to federal court. *See, e.g., Stewart,* 393 F.3d at 488; *Watters v. Wash. Metro. Area Transit Auth.,* 295 F.3d 36, 42 n.13 (D.C. Cir. 2002).
>
> The Fourth Circuit's decision in *Stewart* is the most lucid explanation of why a state does not waive its state sovereign immunity under such circumstances. The *Stewart* court recognized that the *Lapides* Court's finding of waiver in the context of the Eleventh Amendment was based on "consistency, fairness, and preventing States from using the Amendment 'to achieve unfair tactical advantages.'" 393 F.3d at 490 (quoting *Lapides* 535 U.S. at 621). But, unlike the facts in *Lapides,* if a state has not consented to be sued in its own state courts, then it is immune from suit—under the broader doctrine of state sovereignty—in both federal and state court. So the state does not gain any unfair tactical advantage by removing a case to federal court. *Id.* It occupies the same position in both courts. By removing the case, the state is "merely [seeking] to have the sovereign immunity issue resolved by a federal court rather than a state court." *Id.* at 491. To reach the opposite conclusion—i.e., that removal results in waiver—would give plaintiffs an unfair tactical advantage because a state would be forced to abandon a potentially valid defense if it wants to remove the case to federal court.
>
> The Fourth Circuit's reasoning is persuasive in the absence of controlling authority from the Ninth Circuit. Thus, if [the state defendant] has not consented to be sued in . . . state court, then it does not waive its immunity under the broader doctrine of state sovereign immunity by removing the case to federal court. Concluding otherwise would result in a[n] unfair tactical advantage for plaintiffs in state court. *See Lapides,* 535 U.S. at 621.

*Wood*, 826 F. Supp. 2d at 1236.

As in *Wood*, Defendants did not consent to be sued under the FLSA in Arizona state court, and therefore did not waive their sovereign immunity through removal. Accordingly, the Court grants Defendants' motions to dismiss because sovereign immunity bars Redgrave's FLSA claims for damages against them. *See also Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2016 WL 6584928, at *3-4 (D. Ariz. July 21, 2016) (concluding, "[i]n line with the modern trend," that state defendants did not "waive

the broader form of immunity" by removing the case to federal court because "Arizona law does not contain a waiver of sovereign immunity regarding" the claims at issue); *Gorney*, 43 F. Supp. 3d at 951-52 ("[B]ecause Congress has not validly abrogated the States' sovereign immunity on FLSA claims . . . the [state defendant] did not waive its immunity on [the plaintiff's] FLSA claim by removing this action to federal court."); *Zavareh v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:12-cv-02033-APG-PAL, 2013 WL 5781729, at *6 (D. Nev. Oct. 17, 2013) (adopting the "logic and reasoning of *Wood*" and reaching "the same conclusion").

### III. Conclusion

For the foregoing reasons, Defendants are immune from Redgrave's FLSA claims for damages. Defendants contend that Redgrave's claim for a declaratory judgment, which is derivative of her FLSA claim, consequently must be dismissed for lack of an independent jurisdictional basis. Redgrave did not respond to this argument, and her failure to do so may be deemed a concession of the point. *See* LRCiv 7.2(i). Regardless, Defendants argument is well-taken. "The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. It only permits the district court to adopt a specific remedy when jurisdiction exists." *Fidler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (internal citations omitted). In the absence of a cognizable FLSA claim, the Court therefore lacks jurisdiction over Redgrave's declaratory judgment action. Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 10, 14) are **GRANTED**. The Clerk of the Court is directed to terminate this case.

Dated this 10th day of October, 2018.

Douglas L. Rayes
United States District Judge